# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-SA-00821-SCT

*THE MAYOR AND BOARD OF ALDERMEN OF*
*THE TOWN OF PRENTISS, MISSISSIPPI ACTING*
*AS THE ZONING ORDINANCE BOARD OF*
*ADJUSTMENT*

*v.*

*JEFFERSON DAVIS COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/14/2003 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CAROLYN BUTTLES MILLS |
| | JERRY L. MILLS |
| | JOHN W. DAVIES |
| ATTORNEYS FOR APPELLEE: | DORRANCE AULTMAN |
| | WILLIAM HEATH HILLMAN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 06/03/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., GRAVES AND DICKINSON, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.    This is an appeal from the judgment of the Circuit Court of Jefferson Davis County reversing the decision of the Town of Prentiss Mayor and Board of Aldermen to deny a special exception to Jefferson Davis County for the purpose of construction of a new $800,000 chancery court building.

¶2.    The Board of Supervisors of Jefferson Davis County filed a petition for special exception addressed to the Mayor and Board of Aldermen.  The petition asserted a substantial need for continued public use

as a basis for the special exception. A public hearing was held on the issue, and the Mayor and Board of Aldermen voted unanimously to deny the special exception.

¶3. The County appealed the decision to the circuit court, and the court reversed the decision of the Mayor and Board of Aldermen and granted the special exception. The Town of Prentiss appeals to this Court and submits the following issues on appeal:

> I. WHETHER THE RECORD SUPPORTS THE CIRCUIT COURT'S JUDGMENT.
>
> II. WHETHER THE CIRCUIT COURT APPLIED THE APPROPRIATE STANDARD OF REVIEW.
>
> III. WHETHER THE CIRCUIT COURT ERRONEOUSLY SHIFTED THE BURDEN OF PROOF.
>
> IV. WHETHER THE CIRCUIT COURT'S APPROVAL OF THE SPECIAL EXCEPTION WAS PROPER.

## FACTS

¶4. The County owns the lot in question which is located in the corporate limits of the Town of Prentiss. The lot is currently vacant but on it is gravel parking lot. It abuts an office building in which the *Prentiss Headlight* newspaper and AAA Check Services conduct business. On the other side of the lot, there is another office building where Five Counties Child Development Program, Inc. conducts business. Across the street from the lot are the County Building, the Jefferson Davis County Courthouse, and three residences. The area is currently zoned R-1 Single Family Residential pursuant to the Town's Zoning Ordinance. ¶5. According to the zoning ordinance, special exceptions for public use are permitted after public notice, hearing and approval by the Mayor and Board of Aldermen. The County filed a petition for a special exception, based on the public use exception in order to construct a new chancery court building on the lot. A hearing took place, and the Town granted the County ten minutes to introduce

documentary evidence and offer testimony as to the public need for the chancery court building and the special exception. There was testimony from the town's residents and business owners on both sides of this issue. Upon conclusion of the hearing, the Mayor and Board of Aldermen voted unanimously to deny the special exception.

## STANDARD OF REVIEW

¶6. Unlike decisions to zone or re-zone, which are legislative in nature, decisions on request for special exceptions are adjudicative, and a reviewing court subjects such decisions to the same standard as is applied to administrative agency adjudicative decisions. *See* *Hooks v. George County*, 748 So.2d 678, 680 (Miss. 1999); *Hearne v. City of Brookhaven*, 822 So.2d 999, 1002 (Miss. Ct. App. 2002). Therefore, this appeal is subject to the following standard of review:

> The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party. *Board of Law Enforcement Officers Standards & Training v. Butler*, 672 So.2d 1196, 1199 (Miss. 1996).

*Hooks v. George County*, 748 So.2d at 680.

## ANALYSIS

### I. Whether the record supports the circuit court's judgment.

¶7. The Town argues that the circuit court erred in failing to limit its review of the proceedings to the record. The circuit court conducted a private viewing of the subject premises and surrounding area, and the Town claims that because the circuit court considered personal observations, it exceeded the scope of review. The Town relies on *Wilkinson County Bd. of Supervisors v. Quality Farms, Inc.*, 767 So.2d 1007, 1011 (Miss. 2000), where this Court held that an appeal from a board of supervisors or city

is an appeal to an appellate court and the circuit court is bound by the record made before the board. However, the Town's argument is without merit.

¶8.     A thorough reading of the circuit court's opinion and order reveals that the record supplied ample descriptive references to the property in issue.  It can be gleaned from the property description in the record that the lot in question is situated in such a way that one would be unable to avoid seeing it upon arrival at  the current courthouse and county office buildings. The fact that the court conducted a personal viewing of the property is harmless error that did not result in a judgment any different from the one finally reached by the court.  It is clear that the circuit court addressed numerous issues as considerations in reaching its judgment besides the visual inspection of the property.  Because the overwhelming weight of the evidence in the record indicates that the circuit court  did not solely rely on the visual inspection, this is an inconsequential side note and harmless error.  See *Old Canton Hills Homeowners Ass'n  v. Mayor &  City Council of the City of Jackson,* 749 So.2d 54, 61-62 (Miss. 1999) (holding that the circuit court's excessive use of the judicial notice function was harmless error, and it should not in any way impact the Court's analysis of whether the city council acted arbitrarily and capriciously in the present case).

### II.  Whether the circuit court applied the appropriate standard of review.

¶9.     The Town argues that the circuit court erroneously concluded that the dispositive issue on the special exception petition was whether there was public need. The Town further avers that the circuit court should have required the County to show more evidence for an issuance of a special exception other than the argument of public need.  The  Town relies on Section 2.1 of the Town of Prentiss's zoning ordinance, which sets out the type of developments that are allowed in a R-1 Single Family Residential District.  The zoning ordinance further outlines other uses that may be allowed by special exception, which do not include

governmental buildings such as the proposed chancery court building. Because the ordinance does not set out public need as the criteria by which any of the uses are to be permitted by special exception, the Town argues that the circuit court erred in allowing the special exception. This argument is also without merit.

¶10. The record reveals that the circuit court stated that public use was *one* of the criteria identified by the zoning ordinance as subject to special exception, following a public hearing and approval by the Zoning Adjustment Board, all of which took place here. The circuit court then found that the County had to prove its case as to the compelling need for the exception by clear and convincing evidence and that the County has done this. Furthermore, the circuit court found that the decision of the Town was based on factors other than substantial evidence and that its decision was arbitrary and capricious, which required a reversal.

¶11. This Court has established a long-settled standard of review for appeals from municipalities. In *McWaters v. City of Biloxi*, 591 So.2d 824, 827 (Miss 1991), this Court stated that "the party challenging the governing body bears the burden of proof showing that the decision rendered was 'arbitrary, capricious, discriminatory, or beyond legal authority of the city board, or unsupported by substantial evidence.'" In the case at bar, the circuit court thoroughly reviewed the evidence presented by both sides at the hearing and concluded that the testimony offered by the County was clear and convincing evidence, "even in the face of the Town giving the County only ten minutes to make its case."

¶12. The County's evidence included testimony from witnesses about the pressing need for additional space and the crowded conditions in the present facilities, as well as the existence of a disastrous fire hazard. On the other hand, the Town proffered no evidence other than the general concerns of one resident and the critiques of two more residents that the County should build its courthouse somewhere

5

else. Therefore, the circuit court was correct in finding that the decision of the Town was not based on substantial evidence.

¶13. The circuit court further held that the decision denying the special exception was arbitrary and capricious. The court noted the comments and actions of the Town toward the County's plan, its refusal to even grant a hearing until compelled to do so by the Attorney General's office, its refusal to allow the County any reasonable time to make its case, and its decision to deny the County's petition without evidence or explanation proves that the Town's decision was arbitrary, capricious, and not based upon substantial evidence. For these reasons, we conclude that the circuit court applied the correct standard of review and that the actions of the Mayor and Board of Aldermen were in fact arbitrary, capricious and not based on substantial evidence.

### III. *Whether the circuit court erroneously shifted the burden of proof.*

¶14. The Town argues that the burden was on the County to establish the essential elements required to obtain the special exception, and since the County only addressed the issue of public need, the decision of the Town should have been affirmed. However, in its opinion and order of the circuit court, clearly stated that the County had the burden of proof: "The burden is on the County to show the Town by clear and convincing evidence that a public need existed for the special exception to the current R-1 zoning of the lot so the County could build the new Chancery Courthouse. *Fondren North Renaissance v. Mayor of City of Jackson*, 749 So.2d 977 (Miss. 1999)."

¶15. The circuit court reviewed the record before it and concluded that the County, notwithstanding the limited time afforded it, proved its case by clear and convincing evidence, and that a substantial evidentiary basis did not exist for the Town's denial of the County's petition. Therefore, the circuit court did not shift

the burden of proof, and the County proved by clear and convincing evidence that a public need existed for the special exception.

### IV. *Whether the circuit court's approval of the special exception was proper.*

¶16.    Miss. Code Ann. § 11-51-75 (Rev. 2002) mandates the procedure in reversing the decision of a municipal authority. If a judgment is reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered and certify the same to the board of supervisors or municipal authorities. *Id.* The circuit court found that the Town's denial of the special exception was arbitrary and capricious and not supported by substantial evidence and reversed the board's decision accordingly. This is the correct standard of review and the appropriate action in this instance. Thus, the circuit court's approval of the special exception was proper.

### CONCLUSION

¶17.    For these reasons, the Town's arguments are wholly without merit. It is clear in the circuit court's well-reasoned opinion that the record supports its determination that the Town's decision was arbitrary and capricious and unsupported by substantial evidence. We affirm the circuit court's judgment reversing the Town's decision and granting the special exception.

¶18.    **AFFIRMED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**

7