# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-02050-SCT

*THE HARRISON COUNTY*

*BOARD OF SUPERVISORS*

*v.*

*CARLO CORPORATION, INC.*

## ON MOTION FOR REHEARING

8/1/2000

| | |
|---|---|
| DATE OF JUDGMENT: | |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KAREN J. YOUNG |
| ATTORNEYS FOR APPELLEE: | BRITT R. SINGLETARY |
| | GARY DALE THRASH |
| | GLEN K. TILL, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 08/29/2002 |
| MOTION FOR REHEARING FILED: | 04/18/2002; 9/12/2002 |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing is granted. The former opinions are withdrawn, and these opinions are substituted therefor.

¶2. Carlo Corporation, Inc., was delinquent in paying the 1997 ad valorem taxes on its personal property assessed by Harrison County, Mississippi. The Board of Supervisors hired an attorney, John Woodfield, to collect the taxes. Woodfield wrote one letter to Carlo, and Carlo remitted the delinquent taxes and interest thereon to Harrison County.

¶3. Harrison County also assessed $79,912.11 in attorney's fees against Carlo. Because it believed this amount to be excessive, Carlo remitted $3,000, an amount which it believed to be reasonable, to Harrison County, and it asked the Harrison County Board of Supervisors to compromise or otherwise reduce the amount of attorney's fees. After the Board refused to do so, Carlo filed a bill of exceptions and assignment of errors in the Circuit Court of the Second Judicial District of Harrison County, Mississippi.

¶4. The circuit court found that the actions of the Board were arbitrary and capricious and were not supported by the substantial evidence in the record. It further found that "the amount of attorney's fees . . . is excessive, unreasonable, and utterly exorbitant. . . ." We affirm these findings, but reverse the circuit court's finding that Carlo should not pay any collection fees whatsoever.

## DISCUSSION

¶5. When considering the decision of a board or agency, the standard of review is not de novo; rather, we (and any reviewing court) determine whether "the Board's decision was (1) unsupported by substantial evidence, (2) arbitrary and capricious, (3) beyond the powers of the Board to make, or (4) violative of a statutory or constitutional right of [the complaining party]." *Rowzee v. Public Employees' Ret. Sys.*, 777 So. 2d 664, 666-67 (Miss. 2000) (citing *Sprouse v. Miss. Employment Sec. Comm'n*, 639 So. 2d 901, 902 (Miss. 1994)).

¶6. We have previously stated a clear guideline for whether an action is arbitrary or capricious:

"Arbitrary" means fixed or done capriciously or at pleasure. An act is arbitrary when it is done without adequately determining principle; not done according to reason or judgment, but depending upon the will alone, -- absolute in power, tyrannical, despotic, non-rational, -- implying either a lack of understanding of or a disregard for the fundamental nature of things.

"Capricious" means freakish, fickle, or arbitrary. An act is capricious when it is done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles. . . .

*McGowan v. Miss. State Oil & Gas Bd.*, 604 So. 2d 312, 322 (Miss. 1992) (quoting *Miss. State Dep't of Health v. Southwest Miss. Reg'l Med. Ctr.*, 580 So. 2d 1238 (Miss.1991)) (citation omitted). We went on to delineate the necessity of rules against arbitrary and capricious actions:

The reviewing court is charged to study the record and the legislative facts to which the challenged order points and divine a rational basis upon which the administrator may have acted. The standard invokes the rule of relevant resemblances and proscribes unprincipled discrimination between and

among those similarly situated. It condemns ad hoc decision-making and, because it is a standard of judicial review, imports an imperative that administrators say at least minimally why they do what they do so someone can see whether it be arbitrary or capricious.

*Id*.

¶7. The Board's decision to automatically charge the 25% fee for all collection activities is arbitrary and capricious. It is true that the statute authorizes a charge *not to exceed 25%*. Miss. Code Ann. § 19-3-41(2). It is also true that the statute has no language that limits or restricts the Board from assessing the full amount to the delinquent taxpayer. Common sense, however, dictates that when the Legislature states that something is not to exceed a particular amount that it does not dictate that amount should always be applied. Otherwise, when the Legislature states that life imprisonment is the maximum penalty appropriate for a crime, it would be appropriate for judges or juries to automatically sentence an offender to that sentence. Of course, that would be nonsensical.

¶8. As the United States Supreme Court noted in the recent controversy regarding chads and the intent of the voter, "[t]he problem inheres in the absence of specific standards to ensure its equal application. The formulation of uniform rules to determine intent based on these recurring circumstances is practicable. . . ." *Bush v. Gore*, 531 U.S. 98, 106, 121 S. Ct. 525, 148 L. Ed. 2d 388 (2000). In the case at bar, standards are necessary to avoid such ridiculous charges; a fee of $79,912.11 is excessive for the task of writing one letter. Common sense, practicality and appropriateness, in accordance with our Rules of Professional Conduct, so dictate.

¶9. The Attorney General has noted in an opinion regarding delinquent garbage collection fees, that the imposition of an additional sum of not to exceed 25% "is an additional amount owed by the individual, and *does not reflect a mandatory percentage of a contingency fee*, which is left to the discretion of the board of supervisors in negotiating its contract for collection services." Miss. Atty. Gen. Op. No. 2000-0648, Sumners, Nov. 10, 2000) (emphasis added). This is the appropriate view, that the 25% is not a mandatory and that the Legislature intended for boards of supervisors to use their discretion in determining the appropriate fee. Further, the statute expressly states that "[t]he Mississippi Department of Audit shall establish rules and regulations for use by counties in contracting with persons or businesses under the provisions of this subsection." Miss. Code Ann. § 19-3-41(2). These rules do not set up any guidelines for determining an appropriate fee for collection work; however, it is appropriate and practical to require boards of supervisors to utilize guidelines in assessing this fee.

¶10. Rule 1.5 of the Mississippi Rules of Professional Conduct states:

(a) A lawyer's fee *shall be reasonable*. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

(Emphasis added.) We have previously stated in regard to determining attorney's fees that the reasonableness of such fees "shall be fixed by reference to the standards afforded in our Code of Professional Conduct. . . ." *Kaiser Invs., Inc. v. Davis*, 538 So. 2d 427, 430 (Miss. 1989). While this is a different situation, reference to the currently effective Rules of Professional Conduct is still appropriate. The Legislature could not have intended to throw reasonableness out the window by setting a maximum allowable fee rate. As we have noted, it is important to have guidelines so a reviewing court may determine whether an action was arbitrary and capricious. *See McGowan*, 604 So.2d at 322. Here, no guidelines exist, and the result is ad hoc decision-making at its worst. The Harrison County Board of Supervisors has acted unreasonably, and its setting of a standard 25% assessment for an attorney's fee is an arbitrary and capricious act.

¶11. The circuit court ordered that Carlo pay no attorney's fees whatsoever. We believe that *some* attorney's fees are due to the Board because *some* work was performed. The attorney's fee should be reduced to a reasonable sum, more in line with the work performed by the attorney in his collection efforts.

## CONCLUSION

¶12. We affirm the Harrison County Circuit Court's judgment that the Board's decision to charge $79,912.11 for collection fees was arbitrary and capricious. We reverse the circuit court's judgment that *no* attorney's fees should be assessed, and we remand for the circuit court to determine and award reasonable attorney's fees for collecting the delinquent taxes.

¶13. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**EASLEY, JUSTICE, DISSENTING:**

¶14. In my view, the majority errs in affirming the circuit court's determination that the actions of the Board were arbitrary and capricious and that Carlo Corporation, Inc. is not obligated to pay the assessed collection fee. While the majority reverses the circuit court's judgment that no fee should be assessed and remands for a determination of a reasonable collection fee, the majority fails to view the clear wording of the statute.

¶15. This Court in *Thornton v. Wayne County Election Comm'n*, 272 So. 2d 298, 301 (Miss. 1973), held that on appeal to the circuit court a board case is not heard de novo. "The circuit court reviews the record made before the board, of the testimony made or proffered, to determine whether or not the acts

and orders of the board are reasonable and proper or arbitrary or capricious or beyond the power of the board to make or whether they violated any constitutional right of the complaining party." ***Id.*** "Courts may interfere only where the action of the board is arbitrary or capricious and is without support in the substantial credible evidence." ***Cook v. Board of Supervisors***, 571 So. 2d 932, 936 (Miss. 1990) (citations omitted).

I.

¶16. The circuit court was incorrect in its ruling that Miss. Code Ann. § 27-49-1 (1995) was applicable in the case sub judice. Likewise, the circuit court and the majority are incorrect in their determination that the Board's decision of December 14, 1998, was arbitrary and capricious and not supported by the substantial evidence in the record. Miss. Code Ann. § 27-41-11 states that the tax collector will enforce and that delinquent taxpayers "shall be required to pay, in addition to the amount of taxes then due, all other fees, penalties and costs prescribed by law for failure to pay taxes when due, and in addition to the interest prescribed in Section 27-41-9 of this chapter."

¶17. Miss. Code Ann. § 19-3-41(2) states the Board can contract with a private attorney and "[a]ny such contract may provide for payment contingent upon successful collection efforts or payment based upon a percentage of the delinquent amount collected; however, the entire amount of all delinquent payments collected shall be *remitted to the county* and shall not be reduced by any collection costs or fees. There shall be *due to the county* from any person whose delinquent payment is collected pursuant to a contract executed under this subsection an amount, in addition to the delinquent payment, of *not to exceed twenty-five percent (25%) of the delinquent payment for collections* made within this state. . . ." (emphasis added).

¶18. Clearly, the County can assess a fee up to twenty-five percent (25%), pursuant to Miss. Code Ann. § 19-3-41(2). The statute does not prohibit a fee set at twenty-five percent, rather the statute only prohibits a fee *over* twenty-five percent. Further, the statute has no language that limits or restricts the Board from assessing the full amount to the delinquent taxpayer. It is important to note that the statute requires that the county receives all delinquent taxes, interest and associated fees from collections and any other costs from the taxpayer. The taxpayer, according to the statute, does not pay the collections agent, whether it is a private attorney or a collection agency.

¶19. The facts of the case sub judice show that Carlo did not pay its 1997 ad valorem taxes by February 1, 1998, as required by Miss Code Ann. § 27-41-1. On October 13, 1998, Woodfield sent a notice to Carlo stating that the personal property tax was delinquent and requested immediate payment. On November 24, 1998, Carlo paid the delinquent taxes and interest to the tax collector in the amount of $322,580.97 by check and a second check in the amount of $3,000.00 to the Harrison County Tax Collector for payment of reasonable attorney's fees to Woodfield. On December 1, 1998, the Tax Collector declined to accept the payments and stated that additional interest and attorney fees now in the amount of $81,378.38 was due.

¶20. Carlo appealed the decision to the Board, which addressed the issue on December 14, 1998. During the session, the Board accepted the $322,580.97 payment for the taxes and interest, however, the Board did not reduce the collection fees.

¶21. Carlo failed to pay the 1997 ad valorem taxes in accordance with the February 1 deadline as set forth

in Miss. Code Ann. § 27-41-1. In addition, the fee was properly assessed against the taxpayer, Carlo, and payable to the County pursuant to Miss. Code Ann. § 19-3-41(2). The assessed amount did not exceed the parameters of the statute.

II.

¶22. For the above reasons, I respectfully disagree with the majority opinion. The statutes are clear and straightforward in this case. The assessed collection fee is permitted pursuant to the statutes. Accordingly, I would reverse and render the circuit court's ruling and require Carlo Corporation, Inc., to pay the assessed collection fee.