822 So.2d 999 (2002)
Allan K. HEARNE, Appellant,
v.
CITY OF BROOKHAVEN, Mississippi, Appellee.
No. 2000-CA-01869-COA.
Court of Appeals of Mississippi.
March 12, 2002.
Rehearing Denied May 21, 2002.
Certiorari Denied August 29, 2002.
*1001 Dale F. Schwindaman, Jr., Jackson, attorney for appellant.
Joseph A. Fernald, Jr., Brookhaven, attorney for appellee.
Before KING, P.J., THOMAS, MYERS, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. The Circuit Court of Lincoln County affirmed the City of Brookhaven's decision to deny Dr. Allen Hearne's petition to practice psychology in a neighborhood zoned solely for residential purposes. Aggrieved, Hearne appeals. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. Dr. Allen Hearne maintains a practice as a psychologist in the city of Brookhaven. In January of 1997, Hearne purchased a residence at 1001 North Jackson Street in Brookhaven in an area zoned "R-1" (single family residence).
¶ 3. From January 1997, until June 1999, Hearne had used this location as an office in violation of the R-1 zoning restriction. During this time, the City was unaware of Hearne's commercial use of the property. While Hearne alleged that he purchased the property for an office, documents filed with the municipality indicated that the property was intended to be used as a single family residence. Hearne had filed for privilege licenses that indicated he maintained his practice at two other locations within commercial zones. According to documents in the record, Hearne also listed two additional addresses as his place of residence during this time. In May of 1998, a fire substantially damaged the subject property. In documents filed with the City for a building permit, Hearne stated that the subject property would be used as a single-family residence, not a business. He also listed a different address as his home on the permit application. In June 1999, the City of Brookhaven became aware of his office in the residential neighborhood and promptly informed him that he could not practice at that residence in violation of the zoning ordinance for the district.
¶ 4. In October 1999, Hearne petitioned Brookhaven's Board of Adjustment for a special exception to the R-1 zoning restriction based on his allegation that he was entitled to such exception for a "home occupation" as defined in the Brookhaven Zoning Ordinance Section 1301.53. After a hearing on November 23, 1999, the board of adjustment denied his petition. Dr. Hearne appealed this decision to the mayor and the board of aldermen (City Board).
¶ 5. Notice of the appeal hearing was given fifteen days prior to the hearing stating the date, time, and place as set forth in Miss.Code Ann. § 17-1-17 (Rev. 1979). The published notice incorrectly identified the subject matter of the hearing as a petition to rezone Hearne's property "from R-1 to C-1" instead of describing *1002 his petition as a "home occupation exception" to the R-1 zone.
¶ 6. On April 12, 2000, the appeal was heard "de novo" before the City Board. All interested parties were represented at the hearing. The Board clarified that the purpose of the hearing was to decide if the property could be designated as a home occupation exception to the R-1 zone, not to rezone the subject property from R-1 to C-1. Hearne never questioned the content of the notice and proceeded with the hearing. After testimony by Hearne, the adjacent land owners, and other interested parties, the City Board voted unanimously to deny Hearne's request.
¶ 7. On April 25, 2000, Hearne filed his bill of exception with the circuit court alleging that the City Board's decision was contrary to the weight of the evidence, was not supported by substantial evidence, and should be voided because of procedural deficiencies. A hearing was conducted on September 5, 2000, and the court issued its letter opinion and order on October 11, 2000, affirming the City Board's decision to deny Hearne's request because the court found that the record provided not only substantial evidence to support the City Board's decision, but the greater weight of the evidence showed Hearne did not comply with the zoning ordinance.
ISSUES PRESENTED
I. WHETHER THE CIRCUIT COURT EMPLOYED AN IMPROPER STANDARD OF APPELLATE REVIEW.
II. WHETHER NOTICE WAS DEFICIENT.
III. WHETHER THE BOARD APPLIED AN INCORRECT LEGAL STANDARD.
IV. WHETHER THE BOARD ACED ARBITRARILY AND CAPRICIOUSLY IN ITS RULING.

ANALYSIS

I. WHETHER THE CIRCUIT COURT EMPLOYED AN IMPROPER STANDARD OF APPELLATE REVIEW.
¶ 8. Hearne contends that the circuit court did not follow the proper standard of review because it failed to mention its duty to reverse and remand for legal errors. Hearne contends that two legal deficiencies existed which required the circuit court to reverse and remand. First, Hearne contends that the discrepancy in the notice renders the City Board's decision void as a matter of law. Second, Hearne contends that the City Board applied an incorrect legal standard to its decision.
¶ 9. Unlike decisions to zone or re-zone, which are legislative in nature, decisions on requests for special exceptions are adjudicative, and a reviewing court thus subjects such decisions to the same standard as is applied to administrative agency adjudicative decisions. Bowling v. Madison County Board of Supervisors, 724 So.2d 431, 436 (¶ 22) (Miss.App. Ct.1998). The proper standard of review is set forth in Hooks v. George County:
The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party. Board of Law Enforcement Officers Standards & Training v. Butler, 672 So.2d 1196, 1199 (Miss.1996). Substantial evidence has been defined as "such relevant evidence as reasonable minds *1003 might accept as adequate to support a conclusion" or to put it simply, more than a "mere scintilla" of evidence. Johnson v. Ferguson, 435 So.2d 1191, 1195 (Miss.1983).
Hooks v. George County, 748 So.2d 678, 680 (¶ 10) (Miss.1999). While factually-based decisions are not reversed unless the decision is not founded on substantial evidence or is arbitrary or capricious, legal errors are readily reversible and subject to a de novo review. ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 45 (¶ 10) (Miss.1999).
¶ 10. The circuit court properly applied this standard of review to the decision of the City Board. Although the trial judge did not articulate in his standard of review his duty to reverse for legal errors, his letter of opinion provides evidence that the circuit court reviewed Hearne's claims of legal deficiency de novo. After reviewing the facts, evidence, and documentation in the record, the trial judge addressed why the discrepancy in the notice did not render it defective and explained that an incorrect legal standard was not the City Board's basis for its denial of Hearne's petition. After finding no legal errors had occurred, the trial judge reviewed the City Board's decision and concluded that their decision was supported by substantial evidence and that it was not arbitrary or capricious. Hooks, 748 So.2d at 680 (¶ 10). Therefore, this assignment of error is without merit.

II. WHETHER NOTICE WAS DEFICIENT.
¶ 11. The published notice incorrectly identified the subject matter of the hearing as a petition to rezone Hearne's property "from R-1 to C-1", instead of describing his petition as a "home occupation exception" to the R-1 zone. The discrepancy in the notice did not render the notice defective as a matter of law. Sufficient notice was given to confer upon the City Board jurisdiction over the parties' interests. The notice was properly published fifteen days in advance stating the date, time, and place of the hearing. Miss. Code Ann. § 17-1-17 (Rev.1979). The notice adequately advised the community at large that there was a pending change contemplated to the zoning ordinance on the subject property. The record reflects that all interested parties were well represented at the hearing and that Hearne, the community, and the landowners surrounding the property knew the purpose of the hearing. The purpose of the hearing was clarified by the Board as a special use exception without comment by Hearne.
¶ 12. Hearne argued at the circuit court level that this discrepancy in the legal description rendered the notice defective. Hearne made no attempt to raise the issue of defective notice during the April 12, 2000 appeal hearing before the City Board. Hearne's appearance at the hearing waived any objections he might have had to the form of notice. Ridgewood Land Co. v. Simmons, 243 Miss. 236, 137 So.2d 532, 538 (1962). This assignment of error is procedurally barred from review by this Court.

III. WHETHER THE BOARD APPLIED AN INCORRECT LEGAL STANDARD.
¶ 13. Hearne asserts that the Board, in making its decision, applied an additional legal requirement not specified in the home occupation exception factors in Brookhaven Zoning Ordinance Section 1301.53. Hearne asserts that this alleged illegal consideration was whether a "change in the neighborhood's character" had occurred.
¶ 14. The Brookhaven Zoning Ordinances that govern special use exceptions are found at § 1301.99, which defines the exceptions, § 1301.53 which defines the elements *1004 of the home use exception and § 901.01 and § 901.02, which set out the procedural requirements. Section 901.01 of the zoning ordinance authorizes the Board to grant special exceptions and decide whether or not granting the exception will adversely affect the public interest. Section 901.02 requires general compatibility with adjacent properties and other property in the district so as not to be detrimental to uses allowed by right in the district.
¶ 15. Section 1301.99 defines a "special exception" as a use that would generally not be appropriate throughout a zoning district but, if permitted, would promote, the public health, safety, welfare, morals, order, comfort, convenience, appearance, prosperity, or general welfare. The specific rules governing the home occupation exception are set forth in § 1301.53[1] of the Brookhaven Zoning Ordinance. Section 1301.53 provides that in order to qualify, a home occupation must not involve ten different conditions which are all inclusive. Failure to comply with one, all or any combination of the ten conditions constitutes a bar to the home occupation special exception.
¶ 16. The Board applied the proper legal standard in making its decision to deny Hearne's request. The adopted letter of Alderman Buddy Allen was a clear statement of Dr. Hearne's failure to meet the test set forth in sections 1301.99, 1301.53, 901.01, and 901.02 of the zoning ordinances. The Board's decision specifically stated that Hearne's petition should have been denied because it did not comply with the requirements of the home owner's occupation exception of § 1301.53 for the following three reasons: he does not live on the premises, he is using more than one room, and non-family members are required to run this business.
¶ 17. Further, the City Board considered the official records of the municipality when Hearne had been less than candid and misleading as to the location of his office, home and the contradictory character of the "subject property" as a home or office.
¶ 18. Following sections 901.01 and 901.02, the Board also discussed whether the effects of the exception would be inconsistent or adverse to the master plan of the neighborhood and the public's interest. The Board did not deny his request on the basis of whether the neighborhood's character had changed. Hearne's contention is misplaced. The Board considered the neighborhood's character to see if there was any other possibility that would allow the exception to be granted. They also were concerned that allowing changes would be adverse to the public's interest *1005 and may ultimately change the neighborhood.
¶ 19. The Board found that Dr. Hearne failed to comply with the occupation exception. It also found that Dr. Hearne was misleading in his testimony and found no other possibility to allow the exception to be granted. Therefore, this assignment has no merit.

IV. WHETHER THE BOARD ACTED ARBITRARILY AND CAPRICIOUSLY IN ITS RULING.
¶ 20. The City Board stated the following three specific findings of fact which violated the home occupation exception of section 1301.53 of the Brookhaven Zoning Ordinance: 1) Hearne does not live there; 2) non-family members will be required to operate the business; and 3) his practice will use more than one room.
¶ 21. Hearne contends that the Board's decision of his noncompliance was not supported by substantial evidence. Hearne argues that there is no expressed requirement in § 1301.53 that he reside there. He also states that he is in compliance with the Board's second asserted violation because he does not employ help other than the resident family. Finally, he claims that he only uses one room for his practice. He also contends that the overwhelming weight of the evidence demonstrates that he satisfied all ten requirements of Section 1301.53 because he testified that he was ready and willing to comply with all conditions set forth under Section 1301.53 to attain his home occupation special use exception.
¶ 22. "If the Board's decision is founded on substantial evidence, and is not arbitrary or capricious, it is binding on [this] [C]ourt." Bowling v. Madison County Bd. of Supervisors, 724 So.2d 431, 436 (¶ 22) (Miss.Ct.App.1998). Hearne needs only to fail one requirement of section 1301.53 in order to not comply with the home owner exception.

a) Owner must reside there
¶ 23. This requirement is not expressly stated in section 1301.53. Hearne argues that had Brookhaven wanted to require the owner of the subject parcel to also reside there in order to qualify for the "home occupation" special use exception, it should have specified this condition in its ordinance, and cannot now do so by implication.
¶ 24. Municipal ordinances and regulations must be reasonable, otherwise they will be void and unenforceable, and the question of their reasonableness is a judicial question. Jones v. City of Hattiesburg, 207 Miss. 491, 42 So.2d 717 (1949). The title of the exception, "home occupation" establishes the owner as the resident. Black's Law Dictionary defines "home" as: "[o]ne's own dwelling place; the house in which one lives, especially the house in which one lives with his family. That place in which one in fact resides with the intention of residence...." BLACK'S LAW DICTIONARY 733 (6th ed.1990).
¶ 25. Therefore, a reasonable interpretation of the purpose of the ordinance is that a home owner applies for the exception to work at his home where he resides. Concluding that the owner does not have to live at his residence would frustrate the very purpose of the home owner's exception.
¶ 26. The record indicated that the property at 1001 N. Jackson does not serve as his residence. He testified that he did not reside there and exhibits entered into evidence such as the license application and his own check indicated that he resided at different locations other than the subject property.

*1006 b) Employment of help other than members of the resident family is prohibited

¶ 27. Hearne argues that he does not violate this requirement because his employee will be the resident. A strict interpretation places no restriction on the relation of the employer. It expresses employees must be related to the resident family.
¶ 28. The City Board based their decision on the reasonable interpretation that Hearne was required to be the resident; therefore, two unrelated individuals worked at the residence in violation of the ordinance. The proof is uncontradicted that his employee, his secretary, has no relation to him either by blood or marriage.

c) Use of more than one room is prohibited
¶ 29. Hearne argues that he will comply with this requirement. The fact is at the time of the Board's decision, he did not. Hearne's own testimony was that he used three rooms: a porch for his receptionist, a room for his office at the north end of the first floor, and a dining room to store files in. Furthermore, the City building inspector testified that the big room at the front door had a desk and a large coffee pot and that there was an office to the north end. He also testified that another room contained nine plastic white chairs. These three areas were separate rooms. Also, there were indications that the building in the back was being used for alcoholic anonymous meetings. Advertisements appeared in the newspaper posting that address as a location for the meetings and there was a sign at the back building that said "alcoholic beverages not allowed." There is substantial evidence to support the City Board's decision and this assignment of error has no merit.
¶ 30. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.
NOTES
[1] A home occupation is a commercial enterprise conducted in a dwelling unit, WHICH DOES NOT INVOLVE (1) employment of help other than members of the resident family, (2) sales of products or services not produced or provided on the premises, (3) generation of pedestrian or vehicular traffic beyond that usual in and reasonable to the district in which the dwelling unit is located, (4) use of commercial vehicles for delivery of material to or from the premises, (5) outdoor storage of materials and/or supplies, (6) use of signs other than those permitted in the district of which the dwelling is a part, (7) use of any building or space outside the main dwelling unit building, (8) use of more than one room in the dwelling, (9) any visible or audible evidence on the outside of the dwelling unit of the conduct of a home occupation with or that the structure is used otherwise than exclusively for residential purposes (either by color, materials or construction, lighting, signs, sound of noises, or vibrations), or (10) use of utilities or community facilities beyond those reasonable and customary for property used exclusively for residential purposes. The operation of beauty culture schools, beauty parlors or barber shops shall not be considered a home occupation. (emphasis added).