994 So.2d 835 (2008)
CITY OF PETAL, Mississippi, a Municipal Corporation, Appellant,
v.
DIXIE PEANUT COMPANY d/b/a Dixie Ice Company, Appellee.
No. 2007-CA-01265-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Rehearing Denied September 23, 2008.
Certiorari Dismissed November 6, 2008.
*836 Thomas W. Tyner, Sarah Beth Windham, Hattiesburg, attorneys for appellant.
Erik M. Lowery, David Alan Pumford, Hattiesburg, attorneys for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶1. Dixie Peanut Company d/b/a Dixie Ice Company (Dixie Ice) appealed to the Forrest County Circuit Court after the City of Petal (City) denied its permit for an ice dispenser in a C-1 district. The circuit court held that the actions of the mayor and aldermen were arbitrary and capricious and not supported by substantial evidence and violated the due process guarantees of the United States Constitution and the Mississippi constitution.
¶2. On appeal, the City raises the following issue, which is broken into four subsections for our review:
Whether the Forrest County Circuit Court can substitute its own judgment for that of the City, regarding whether the icehouse owned by Dixie Ice Company complied with the City's zoning ordinances.
a. Whether the City acted in an arbitrary and capricious manner in instituting the "Application for Variance."
b. Whether the actions of the City were arbitrary and capricious in hearing the appeal by Hugh Garraway of the decision of the Variance Committee.
c. Whether Dixie Ice's due process rights were violated from a lack of *837 notice of agenda items at the recessed meeting.
d. Whether the City acted in an arbitrary and capricious manner by not specifically explaining their findings when the rationale for its decision is contained in the record.
¶3. This Court finds no error and affirms the judgment of the Circuit Court of Forrest County.

FACTS
¶4. Dixie Ice applied for building and electrical permits in order to locate a retail sale ice dispenser in the City of Petal, Mississippi. The permits were approved by Dan Tolbert, the building inspector for the City. The City filed an application for a variance and attempted to appeal the actions of its own building inspector. The variance was not requested or filed by Dixie Ice or any of its representatives. A hearing was held on March 26, 2006, and the Board of Zoning Appeals (Board of Zoning) affirmed the actions of the building inspector, approving the use and erection of the "icehouse." The Board of Zoning's conclusion was that the permit approval was appropriate in a C-1 zone.
¶5. After the decision of the Board of Zoning, the matter appeared on the agenda of the board of alderman meeting held on April 4, 2006. No notice of the hearing was given to Dixie Ice, and there is nothing in the minutes to suggest that notice was given. The mayor and board of aldermen recessed the regularly scheduled meeting and a "special session" was held on April 12, 2006, at which the decision of the Board of Zoning was overturned and the "variance" was not granted. The mayor and board of aldermen determined that the "icehouse" did not meet the criteria of the zoning classification. There is no indication in the minutes that any members of the Board of Zoning or the city building inspector were present at the meeting.
¶6. The decision of the mayor and board of aldermen was appealed by a bill of exceptions to the circuit court by Dixie Ice. The circuit court found that the City did not have authority to file for a variance, and the filing of such a document was arbitrary and capricious. The circuit court also found that there was no evidence of any request for review by any citizen of Petal and that the proceedings were again arbitrary and capricious and violated the due process guarantees of the United States Constitution and the Mississippi Constitution. The circuit court reversed and rendered as to the decision of the mayor and board of aldermen.

STANDARD OF REVIEW
¶7. A court should not substitute its judgment for that of a municipality regarding the classification of property unless its decision is not supported by substantial evidence, arbitrary or capricious, beyond the scope of the municipality's powers, or violated the constitutional or statutory rights of the party. Wilkinson County Bd. of Supervisors v. Quality Farms, Inc., 767 So.2d 1007,1010 (¶8) (Miss.2000) (citation omitted).
¶8. The guidelines for determining whether an action is arbitrary and capricious has been stated by the Mississippi Supreme Court as follows:
"Arbitrary" means fixed or done capriciously or at pleasure. An act is arbitrary when it is done without adequately determining principle; not done according to reason or judgment, but depending on the will alone,absolute in power, tyrannical, despotic, non-rational, implying either a lack of understanding of or disregard for the fundamental nature of things.

*838 "Capricious" means freakish, fickle, or arbitrary. An act is capricious when it is done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles....
Harrison County Bd. v. Carlo Corp., 833 So.2d 582, 583(¶6) (Miss.2002) (quoting McGowan v. Miss. State Oil & Gas Bd., 604 So.2d 312, 322 (Miss.1992)).

DISCUSSION
WHETHER THE FORREST COUNTY CIRCUIT COURT CAN SUBSTITUTE ITS OWN JUDGMENT FOR THAT OF THE CITY ON THE ISSUE OF WHETHER THE ICEHOUSE OWNED BY DIXIE ICE COMPLIED WITH THE CITY'S ZONING ORDINANCES.
¶9. As the City states in its brief, whether the "icehouse" was a retail outlet or a manufacturing facility is a question of fact. The circuit court found in its judgment that Dixie Ice "fully complied with all existing zoning ordinances as well as all requirements to obtain permits, which were approved by the City of Petal Building Inspector...." The circuit court noted its standard of review, as stated above.
¶10. The circuit court noted, "There is nothing in the record to show that upon the completion of the project the same will not be in full compliance with Ordinance No. 2400(102) of the City of Petal Zoning Ordinance." The decision of the circuit court was based on the record, not on its own judgment.
¶11. Further, the decision of the circuit court was not based on its own determination but on the failure of the City to demonstrate in the record that it had complied with the ordinances and statutes.
¶12. We find no basis for reversal on this issue.

a. WHETHER THE CITY OF PETAL ACTED IN AN ARBITRARY AND CAPRICIOUS MANNER IN INSTITUTING THE "APPLICATION FOR [A] VARIANCE."
¶13. While the City does cite to a provision of its zoning ordinance that allows "any person aggrieved or by any official or department of local government affected by any decision of the City Building Inspector ..." to appeal a decision of the building inspector to the Board of Zoning, there is no citation to any zoning ordinance or statute allows an unidentified city official to file an application for a variance from a decision of its own building inspector to approve a permit. The Mississippi Code sections cited in the appeal are those sections which deal with the general powers of a mayor. See Miss. Code Ann. §§ 21-15-9 (Rev.2007), 21-3-15(1) (Rev.2007).
¶14. In fact, an application for a variance is precisely the wrong thing to file when seeking an appeal from a decision of either the building inspector or the Board of Zoning unless that decision is that the proposed use is not proper under the zoning ordinance. Here the building inspector and the Board of Zoning both found that Dixie Ice's proposed "icehouse" was proper. The printed form for application for a variance allows the City to seek a variance once the applications for permits have been turned down by the building inspector or the Board of Zoning and allows the City to set a time for this variance application to be heard before the mayor and board of alderman. Under the zoning ordinance, an appeal from the decision of the building inspector is on the date and at the time determined by the Board of Zoning, not the City or its officials as was done in this case. An appeal is also *839 taken by a specific person or city official or local department, not an unidentified or unnamed representative of the City.
¶15. As the circuit court noted, the application for a variance was not signed by either a public official or an individual, and the only address was that of the City. Dixie Ice did not file an application for a variance since its permits had already been approved by the City's building inspector, and there was no prior indication or notice that there was a problem in the zoning. In the absence of any authority to file an application for variance to seek an appeal, the actions of the City were arbitrary and capricious, as well as beyond the scope of the City's authority.
¶16. There is no merit to this assignment of error.

b. WHETHER THE ACTIONS OF THE CITY WERE ARBITRARY AND CAPRICIOUS IN HEARING THE APPEAL BY HUGH GARRAWAY OF THE DECISION OF THE VARIANCE COMMITTEE.
¶17. As noted by the circuit court, there was no mention made of Hugh Garraway in the April 4, 2006, agenda or at the meeting. The first time that Garraway is mentioned is in the "recessed meeting" of April 12, 2006, which was held "to determine the appeal by Mr. Hugh Garraway from the recommendation of the board of zoning appeals, recommending a variance for the ice house owned by Dixie Peanut Company, located at 1251 Highway 42, Petal, Mississippi."
¶18. Attached to the minutes of the meeting on April 12 is the handwritten note from Garraway dated April 4, 2006, which states, "I, Hugh Garraway, request an appeal to the Variance Committee's decision to allow the `Ice House' to remain at its present location in the East Oaks shopping center." Garraway was apparently a private citizen, but no information about him is in the record. It should be noted that the date on the handwritten note is the same as the one at the first meeting of the mayor and board of aldermen. There is no indication or evidence that this notice was received by the city clerk since there is no seal, stamp, or date to indicate when or where the handwritten note was received.
¶19. There is also no indication that notice of the April 12 meeting was given to Dixie Ice or its representatives; the building inspector, Dan Tolbert; or any member of the Board of Zoning. At the meeting on April 12, 2006, the mayor asked for public comments. Garraway was one of three people who commented and stated that Petal needs such a facility, but "just not in this area." As noted by the circuit court, "[n]o citizen raised any issue whatever as to the location of the retail sale ice dispenser in a C-1 zone, an area shared with numerous retail outlets, restaurants (all presumably equipped with ice machines), fast food restaurants, dollar store, a gas station and a carwash."
¶20. Although the April 12 meeting is characterized as an appeal, there was surprisingly little discussion offered by Garraway at the meeting. In addition to the mayor, city attorney, and three aldermen, there were five other people present. As previously stated, no members of the Board of Zoning, the city inspector, or representatives of Dixie Ice were present at the meeting.
¶21. As previously stated, there was no authority for the application for a variance, no need for a decision by the Board of Zoning, and the meeting of April 12 was held without notice. This Court finds that the "appeal" was arbitrary and capricious.

c. WHETHER DIXIE ICE'S DUE PROCESS RIGHTS WERE VIOLATED FOR A LACK OF NOTICE OF AGENDA ITEMS AT THE RECESSED MEETING.
*840 ¶22. The appellant notes that "[w]henever a person's life, liberty or property interests may be affected by legal proceedings the notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Hinds v. City of Ocean Springs, 883 So.2d 111, 114(¶14) (Miss.Ct.App.2004) (quoting Dusenbery v. United States, 534 U.S. 161, 169, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002)).
¶23. The City argues that representatives of Dixie Ice were actually present at the April 4, 2006, meeting. There is, however, no proof of this in the minutes of the meeting and certainly no proof that any notice was given to Dixie Ice or its representatives of either the April 4 or April 12, 2006, meetings. Although argument is made that no particular form of notice needs to be given, there is no indication that any form of notice was given. The problem is not so much the failure to give notice of the specific agenda items as it is the failure to give notice at all.
¶24. The City also takes the disingenuous position that "Dixie Peanut had no liberty or property interest that was violated by the City of Petal." The result of the April 12 meeting was that the City overruled the decision of the Board of Zoning that Dixie Ice was entitled to erect its business as previously approved by the building inspector. This failure to give notice was a clear violation of Dixie Ice's due process rights.
¶25. In the absence of any proof that Dixie Ice was given any form of notice, this Court must defer to the finding of the circuit court that Dixie Ice's due process rights were violated.

d. WHETHER THE CITY ACTED IN AN ARBITRARY AND CAPRICIOUS MANNER BY NOT SPECIFICALLY EXPLAINING THEIR FINDINGS WHEN THE RATIONALE FOR ITS DECISION IS CONTAINED IN THE RECORD.
¶26. The circuit court concluded that the failure to include any rationale for the City's decision was an indication that the decision was arbitrary and capricious. Standing alone this lack of rationale was not, in and of itself, the sole basis of the circuit court finding. There were, of course, reasons for the decision that could be gleaned from the record. The failure of the City to articulate these reasons was just a further indication of the City's manner of dealing with the issue in a manner contrary to case and statutory law.

CONCLUSION
¶27. The City failed to show that the decision of the circuit court was in error. The City was without authority to file an application for a variance from approval of a permit by its own building inspector. If the City sought to overturn the decision of the Board of Zoning and the city building inspector, it should have followed proper procedure and provided appropriate, adequate notice to Dixie Ice. The City's actions were arbitrary and capricious and violated the due process rights of Dixie Ice. We therefore affirm the judgment of the circuit court.
¶28. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.