LEE, C.J., for the Court:
¶ 1. This case concerns the decision of a zoning board to grant a special-use exception, thereby allowing a homeowner to rent two rooms and serve one meal to guests.
FACTS AND PROCEDURAL HISTORY
¶ 2. Erin and Chase Moseley own a home on East Scenic Drive in Pass Christian, Mississippi. This home is located in the district classified as R-O, a residential district. The Moseleys applied to the city’s zoning board, requesting permission to rent two rooms. The Moseleys made their application pursuant to section 601.3.2 of the zoning ordinance, which provides for uses permitted as special exceptions. The zoning board approved the Moseleys’ application. In addition to allowing the Moseleys to rent two rooms, the zoning board granted them the right to serve one meal.
¶ 3. Charlotte Foster, the Moseleys’ neighbor, appealed this decision to the Pass Christian Board of Aldermen (the Board). The Board affirmed the decision of the zoning board. Foster then appealed to the Harrison County Circuit Court. The circuit court affirmed the decision of the Board.
¶ 4. Foster now- appeals to this Court, asserting that the circuit court erred by failing to find the Board’s decision was arbitrary and capricious and by failing to find the Board’s decision amounted to illegal spot zoning.
STANDARD OF REVIEW
¶ 5. This Court will only set aside a zoning decision if the record clearly shows the decision “to be arbitrary, capricious, discriminatory, illegal[,] or without [a] substantial evidentiary basis.” Drews v. City of Hattiesburg, 904 So.2d 138, 140 (¶ 5) (Miss.2005). “Where the point at issue is ‘fairly debatable,’ we will not disturb the zoning authority’s action.” Id. Because the governing body’s decision carries a presumption of validity, “the burden of proof is on the party asserting its invalidity.” Id.
¶ 6. As for questions of law, the standard of review is de novo. Consol. Pipe & Supply Co. v. Colter, 735 So.2d 958, 961 (¶ 13) (Miss.1999).
*660 DISCUSSION
I. BOARD’S DECISION
¶ 7. In her first issue on appeal, Foster contends the circuit court erred in upholding the Board’s decision. Foster argues the zoning ordinance does not allow the renting of two rooms in an area zoned R-O. Section 601 of the zoning ordinance details use requirements for a residential district zoned R-O. The special exception under Section 601.3.2 permits “[t]he renting of rooms within existing structures (but not the building of additions for rental purposes) provided that the number of such rental units shall not exceed two (2).”
¶ 8. Foster claims overnight accommodations are only allowed in areas zoned C-3, which are commercial areas, and that this activity is more appropriately described as that of a “tourist home.” The zoning ordinance defines a tourist home as “[a] dwelling in which overnight accommodations, with or without meals, are provided or offered for transient guests for compensation.” However, Foster failed to cite any authority to support her argument; thus, we are precluded from considering her issue on appeal. See Funderburg v. Pontotoc Elec. Power Ass’n, 6 So.3d 439, 442 (¶ 9) (Miss.Ct.App.2009). Regardless of the bar, Foster has also failed to show that the Board was arbitrary or capricious in granting the special exception. This issue is without merit.
II. SPOT ZONING
¶ 9. Foster also argues the Board’s decision amounted to illegal spot zoning. The term “spot zoning” has been used “to describe a zoning amendment which is not in harmony with the comprehensive or well-considered land use plan of a municipality.” McWaters v. City of Biloxi, 591 So.2d 824, 828 (Miss.1991). In spot-zoning cases, “a zoning ordinance is amended reclassifying one or more tracts or lots for a use prohibited by the original zoning ordinance.... ” McKibben v. City of Jackson, 193 So.2d 741, 744 (Miss.1967).
¶ 10. Foster cites to Modak-Truran v. Johnson, 18 So.3d 206 (Miss.2009), and Duckett v. Mayor & Bd. of Alderman of City of Ocean Springs, 24 So.3d 405 (Miss.Ct.App.2009). in support of her argument. However, Modak-Truran dealt with changes to the zoning ordinance, which the supreme court found was impermissible spot zoning. Modak-Truran, 18 So.3d at 211 (¶ 24). In Duckett, this Court determined that the city was “essentially attempting] to [rezone] the ... district without complying with the statutoiy protections attendant to a rezoning action.” Duckett, 24 So.3d at 409 (¶ 15).
¶ 11. It is apparent from the record that the action by the Board in this case was not spot zoning, inasmuch as this case does not involve rezoning or the reclassification of a zoning ordinance. The zoning ordinance applicable in this ease allowed for a special-use exception for the renting of two rooms. This issue is without merit.
¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. BARNES, J., CONCURS IN RESULT ONLY.